United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>    Plaintiff,<br><br>v.<br><br>HUONG Q. TRUONG,<br><br>    Defendant. | Case No. 19-cv-03240-JSC<br><br>**ORDER TO SHOW CAUSE RE: SERVICE OF THE SUMMONS AND COMPLAINT**<br><br>Re: Dkt. Nos. 8, 16 |

Plaintiff's motion for default judgment is now pending before the Court. (Dkt. No. 16.) In deciding whether to grant or deny a motion for default judgment, the Court must assess whether the defendant against whom default judgment is sought was properly served with notice of the action. *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008) (internal quotation marks and citation omitted). Upon review of Plaintiff's motion for default judgment and the proof of service of the summons and complaint, the Court has concerns regarding whether Defendant Huong Q. Truong was properly served in this matter.

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, an individual defendant may be served by: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e)(2). Alternatively, an individual defendant may be served with process pursuant to the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Under California law, individual defendants may be served by several means, including personal delivery of the summons and complaint to the individual or the individual's authorized agent. Cal. C.C.P.

§§ 415.10, 416.90.  If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served as specified in Section 416.90, which requires service on the person or a person authorized to receive service of process, the summons may be served by leaving a copy at the individual's usual place of business with a person "apparently in charge."  Cal. C.C.P § 415.20(b).

Here, Mr. Truong was served by substituted service.   On June 20, 2019, the process server left a copy of summons and complaint documents with "Tan (DOE)-Person in Charge."  (Dkt. No. 8 at 1.)  However, no declaration of diligence is attached to the proof of service, and in fact, the box indicating that a "declaration of diligence" is attached is not checked.  (*Id*.)  "Ordinarily ... two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made."  *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (Cal. Ct. App. 1988) (internal quotation marks omitted).  Plaintiff has not demonstrated that he exercised "reasonable diligence" in attempting to personally serve Mr. Truong prior to effectuating service through substituted service.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE as to the reasonable diligence with respect to service here or how service is otherwise proper.  Plaintiff shall show cause in writing on or before March 16, 2020.  The hearing on Plaintiff's motion for default scheduled for March 5, 2020 is VACATED.

**IT IS SO ORDERED.**

Dated: March 2, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge